Giddings v. Giddings.

## GIDDINGS v. GIDDINGS.

1. **Amendment**: PRESUMPTION. Where the transcript shows an amendment to the petition by interlineation conforming it to the proof, but fails to show when the same was made, it will be presumed it was made at the time the testimony was introduced, and by leave of court.

2. **Evidence**: EXCLUSION OF. Evidence as to the ability of the plaintiff to pay a note. set up as a cross-demand, at any time after the execution. is remote and was properly excluded.

3. ——: PRACTICE. The evidence as to the validity of the note and mortgage, set up as cross-demand being in conflict, the findings of the court will not be interfered with.

*Appeal from Linn District Court.*

MONDAY, DECEMBER 12,

ACTION upon a promissory note, and upon an accepted order. There was a cross-demand by which the defendant claimed judgment against the plaintiff upon a promissory note. A jury was waived and upon a trial by the court judgment was rendered for the plaintiff. Defendant appeals.

*F. C. Hormel* and *J. C. Leonard*, for appellant.

*H. G. Bowman* and *B. F. Hines*, for appellee.

ROTHROCK, J.—I. The judgment entry is as follows: "And now, to-wit: April 29, 1881, this cause comes on for the judgment of the court, the same having been heretofore taken

under advisement, and the court being fully advised and satisfied in the premises, it is therefore considered and judged that the plaintiff herein have and recover of and from the defendant judgment for the sum of ——— dollars, together with interest thereon at the rate of —— per cent per annum, and the further sum of $33.65, taxed as costs of this proceeding. *    *    *    *    "

It is urged by counsel for appellant that the judgment should be reversed because it is indefinite and uncertain. It is certain that the only amount enforceable under the judgment as it now stands, without correction, is the amount of costs taxed against defendant. The plaintiff does not complain of the informality of the judgment. He has taken no appeal therefrom. Counsel for the respective parties have argued the question as to the proper method of correcting a judgment of this character, and whether or not any correction thereof can be made. These questions are not presented by the record before us. They are matters we cannot consider. The court evidently intended, as appears by the special finding, to render judgment for plaintiff for the amount of the note and order. What the plaintiff's remedy is we are not called upon to determine.

II. The accepted order upon which the action was in part founded was described in the petition as having been drawn by

1. AMEND-
MENT: pre-
sumption.

one *Enoch P. Vandike.* Upon the trial when the plaintiff offered the order in evidence it appeared to be drawn by *Enoch P. Updike.* Objection was made to the introduction of the order as evidence, which objection it appears was overruled. The appellee insists that when the objection was made the mistake in the petition was corrected by amendment. Appellant contends that no amendment was made. The transcript shows that the word Updike was interlined in the petition at the proper places. At what time this interlineation was made does not appear. The presumption will be indulged that it was made when the objection to the intro-

duction of the order as evidence was interposed, and that the amendment was thus made by leave of the court.

III.   The cross-claim was based upon a promissory note for $600, made in the year 1870 and due in one year, with inter-
est at 10 per cent per annum.   It was secured by a mortgage upon chattel property.   The plaintiff claimed that the note and mortgage were without consideration and given to protect the plaintiff against a certain claim of a creditor which was likely to be enforced against him. The court, in certain special findings of fact, found that the plaintiff's claim as to the validity of the note and mortgage was correct.

*2. EVIDENCE: exclusion of.*

In the course of the examination of the defendant as a witness, his counsel asked him whether the plaintiff had been at any time since the execution of the note, in such a condition that the note could have been collected.   An objection to this question was sustained, and this ruling of the court is assigned as error.   It appears to us that the plaintiff's ability to pay was a very remote question in the case.   It may be it would, in some slight degree, serve to explain the defendant's delay in enforcing the note, and rebut such inference of its invalidity as might arise from delay in its collection.   But the defendant was permitted to state that the plaintiff had been insolvent eight or ten years.   This was certainly sufficient upon that point.

IV.   It is claimed the judgment against the defendant is without support in the evidence, and counsel in argument con-
tend that upon the evidence there should have been a judgment for the defendant on the cross-claims. The evidence as to the validity of the note and mortgage was in conflict, and the finding of the court against the defendant is sufficiently supported to preclude our interference.

*3. ———: practice.*

AFFIRMED.